**HENRY GONZALEZ, ESQ.** *(local counsel for Plaintiff)*
708 Jackson Street
Tampa, Florida 33602
Phone (813) 221-2505
Fax    (813) 221-2205
E-mail gonzalezlegal1@verizon.net

**PAUL J. CAMBRIA, JR., ESQ.** *(pro hac vice-pending admission)*
**TIMOTHY P. MURPHY, ESQ.** *(pro hac vice-pending admission)*
**LIPSITZ GREEN SCIME CAMBRIA LLP**
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
Phone   (716) 849-1333
Fax     (716) 855-1580
E-mail  pcambria@lglaw.com
        tmurphy@lglaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **HARRY JOSEPH BOWMAN**<br>U.S. Penitentiary Coleman 2<br>P.O. Box 1034<br>Coleman, Florida 33521<br><br>**Plaintiff,**<br>vs.<br><br>**THE UNITED STATES DRUG ENFORCEMENT ADMINISTRATION**<br>8701 Morrissette Drive<br>Springville, Virginia 22152<br><br>and<br><br>**ERIC J. HOLDER, Jr.,** as Attorney General of the United States,<br>**THE UNITED STATES DEPARTMENT OF JUSTICE,** 950 Pennsylvania Avenue, N.W., Washington D.C. 20530<br><br>**Defendants.** | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>1. **INJUNCTIVE RELIEF ENJOINING DEFENDANTS FROM WITHHOLDING AGENCY RECORDS, AND AN ORDER TO PRODUCE ALL AGENCY RECORDS IMPROPERLY WITHHELD FROM THE PLAINTIFF (5 U.S.C. §552,** *et seq.***; 5 U.S.C. 552a,** *et seq.***, 5 U.S.C. 701,** *et seq.***; U.S. CONST., AMEND. 5).** |

Plaintiff Harry Joseph Bowman ("BOWMAN"), by and through his attorneys, for his Complaint against Defendants, the United States Drug Enforcement Administration ("DEA"), and Eric J. Holder, Jr., Esq., as Attorney General of the United States and chief executive of the United States Department of Justice ("DOJ"), hereby allege:

## NATURE OF THE ACTION

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (a)(4)(B); the Privacy Act of 1974, 5 U.S.C. §552a (g)(1); the Administrative Procedure Act ("APA"), 5 U.S.C. §706; and the Due Process Clause of the Fifth Amendment to the United States Constitution (the "Fifth Amendment"), seeking injunctive relief enjoining the DEA and the DOJ from withholding agency records in its possession and control, and for an order to produce all agency records in the possession and control of the DEA and the DOJ improperly withheld from Plaintiff BOWMAN.

2. The records in question relate to numerous FOIA requests made by BOWMAN, and (or) counsel on his behalf, beginning in 2003 and continuing through 2011, seeking particular documents relating to a DEA investigation of the American Outlaws Association / Motorcycle Club (the "Outlaws") in numerous federal districts, including Southern Florida, known as "Operation Silverspoke."

3. The earliest such FOIA request made by BOWMAN that falls within the statute of limitations, and is subject to the present action, was made on or about March 25, 2008. An itemization of the relevant FOIA requests herein, along with the responses from the DEA and the DOJ, and other related correspondence, is attached hereto as **Exhibit A**. A copy of the documents encompassing

BOWMAN's FOIA requests and the Defendants' responses are attached hereto as **Exhibit B**.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action as BOWMAN's claims arise under FOIA, 5 U.S.C. §552 (a)(4)(B); the Privacy Act, 5 U.S.C §552a (g)(1); the APA, 5 U.S.C. §703; and the Due Process clause of the Fifth Amendment. Indeed, there is an actual case and controversy before the Court.

5. This Court also has subject matter jurisdiction over BOWMAN's claims pursuant to 28 U.S.C. §1331 regarding BOWMAN's FOIA, Privacy Act, and Fifth Amendment claims, as they arise under the laws or Constitution of the United States.

6. This Court has personal jurisdiction over the DEA, as it is an agency of the executive branch of the United States.

7. This Court has personal jurisdiction over the Attorney General, as he is an agent of the executive branch of the United States, and over the DOJ, as it is an agency of the executive branch of the United States.

8. As set out below, as well as in the documents described and attached as part of **Exhibits A** and **B** respectively, BOWMAN has made a number of proper requests for information and documents, the DEA has failed to timely comply with these requests in conformity with agency regulations, and BOWMAN has exhausted his administrative remedies, either constructively or in fact, pursuant to FOIA and other statutes, including under 5 U.S.C. §552 (a)(6).

9. Venue is proper in this District pursuant to 28 U.S.C. §1391(e), as the DEA is an agency of the United States; the Attorney General is an agent of the United States;

the DOJ is an agency of the United States; and BOWMAN is a United States citizen, serving multiple life sentences as a federal inmate (number 26595-039) at the United States Penitentiary in Coleman, Florida.

10. Venue is also proper in this District pursuant to 5 U.S.C. §552 (a)(4)(B) and 5 U.S.C. §703.

## PARTIES

11. At all times relevant herein, Plaintiff BOWMAN was and is a citizen of the United States. He presently resides as a federal inmate at the United States Penitentiary in Coleman, Florida.

12. For several years now, Plaintiff BOWMAN has made diligent attempts to recover documents and information from Defendants DEA and DOJ regarding the Operation Silverspoke investigation mentioned above, which resulted in, and (or) contributed to, a criminal prosecution and lengthy federal prison sentence for BOWMAN.

13. Defendant DEA is an agency of the executive branch of the United States *(within the meaning of 5 U.S.C. §552 [f][1])* with powers derived from acts of Congress, including those under 5 U.S.C. §552; 5 U.S.C. §552a; and 5 U.S.C. §706.

14. Defendant Attorney General is the chief law enforcement officer of the federal government, as well as the chief executive of the Department of Justice, an agency of the executive branch of the United States *(also within the meaning of 5 U.S.C. §552 [f][1])* with powers derived from acts of Congress, including those enumerated under 5 U.S.C. §552; 5 U.S.C. §552a; and 5 U.S.C. §706.

# FACTS RELEVANT TO CAUSE OF ACTION

## *The Trial Proceedings*

15. Defendant BOWMAN was alleged by the government to be the international president of the Outlaws. Following an extensive state and federal investigation encompassing several states, BOWMAN was charged in U.S. District Court for the Middle District of Florida in a ten-count indictment with conspiracy to commit racketeering activities under the Racketeer Influence and Corrupt Organizations Act ("RICO") (18 U.S.C. §1962 [d]) *(count 1)*; substantive RICO violations (18 U.S.C. §1962 [c]) *(count 2)*; conspiracy to distribute quantities of opium, cocaine, methamphetamine, marijuana, and Valium (21 U.S.C. §846) *(count 3)*; commission of violent crimes against members of the Fifth Chapter Motorcycle Club in aide of racketeering (18 U.S.C. §§1959 [a][3], [a][4] and 2) *(count 4)*; conspiracy to murder one or more members of the Hell's Angels Motorcycle Club (18 U.S.C. §§1959 [a][5] and 2) *(count 5)*; distribution of methamphetamine (21 U.S.C. §§ 841 [a][1] and 2) *(count 6)*; distribution of opium (21 U.S.C. §§ 841 [a][1]) *(count 7)*; distribution of Valium (21 U.S.C. §§ 841 [a][1]) *(count 8)*; destruction of a building in Orlando, Florida, by means of fire and explosive materials (18 U.S.C. §§ 844 [1] and 2) *(count 9)*; and possessing a firearm as a felon (18 U.S.C. §§ 922 [g] and 924 [a][2]) *(count 10)*.

16. The allegations relate to purported criminal acts during the time period from 1980 through August of 1997, taking place in the Middle and Southern Districts of Florida, as well as the District of Michigan, the Southern District of Indiana, and the Central District of California.

17. Defendant BOWMAN was convicted after a jury trial in U.S. District Court for the Middle District of Florida in April of 2001 of counts 1 through 6, 8 and 10. Regarding count 1, the jury found racketeering acts 2 through 4 and 7 through 17 were proven. On July 27, 2001, he was sentenced to two concurrent terms of life imprisonment *(counts 1 and 2)*, three sentences of twenty years *(counts 3, 4 and 6)*, two sentences of ten years *(counts 5 and 10)*, and one sentence of three years *(count 8)*.

### *Post-Conviction Proceedings*

18. On appeal, Defendant BOWMAN argued that this Court committed reversible error in permitting an anonymous verdict and admitting evidence regarding the Outlaws' purportedly discriminatory membership policy; and also that there was insufficient evidence at trial supporting BOWMAN's convictions. On August 20, 2002, the U.S. Court of Appeals for the Eleventh Circuit affirmed BOWMAN's convictions. *See United States v. Bowman*, 302 F.3d 1228 (11th Cir. 2002). On April 28, 2003, the U.S. Supreme Court denied his petition for a writ of certiorari. *See Bowman v. United States*, 538 U.S. 1001 (2003).

19. On March 16, 2007, Defendant BOWMAN filed a motion in this Court (under docket number 8:07-cv-466-T-30TGW) pursuant to 18 U.S.C. §2255, arguing that the government failed to produce certain pre-trial witness statements pursuant to *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963); *Giglio v. United States*, 405 U.S. 150, 154-155 (1972); and the Jencks Act (18 U.S.C. §3500).

20. On September 7, 2007, this Court took testimony (regarding the §2255 motion) from three witnesses; two on BOWMAN's behalf and one on behalf of the government.

21. In sum, the testimony revealed that the so-called Operation Silverspoke investigation was a DEA operation, and not an FBI matter, as BOWMAN previously believed.

22. On September 18, 2007, this Court denied BOWMAN's §2255 motion.

23. Since this Court denied Defendant BOWMAN's §2255 motion in September 2007, BOWMAN, through counsel, has diligently pursued the information related to the *Brady / Giglio* and Jencks Act issues not fully addressed during the 2007 §2255 proceedings before this Court; namely the DEA's possession of material documents regarding the Operation Silverspoke investigation.

### *FOIA Correspondence*

#### 1. The Requests

24. Pertinent to this action, BOWMAN began in 2003 making document requests to the DEA; the Federal Bureau of Investigation ("FBI"); the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"); U.S. Customs Service ("Customs"); and local and state law enforcement agencies.

25. BOWMAN's first request to the DEA that is subject to this Court's jurisdiction in this action was made on or around March 25, 2008 (*see* **Exhibits A** and **B**). Therein, Plaintiff BOWMAN's previous counsel referred to BOWMAN's 2003 FOIA request of the DEA, which had still not been satisfied. Counsel therein then set up a new factual scenario in the correspondence as a basis for BOWMAN's FOIA request, indicating:

> "On September 7, 2007 a hearing was held when it was revealed that the operation "Silverspoke" involved the DEA and that the Sheriff's [O]ffice of Broward County after indictment, released 16 [b]oxes that could have

contained statements of individuals interviewed or recorded during the investigation. Up until the September 7, 2007 hearing it was understood that the FBI was the agency who conducted the investigation. As the testimony reveals, Silverspoke was [a] DEA [i]nvestigation of the Outlaw[s] Motorcycle Club. Because of the sworn testimony testified at the September 7, 200[7] [1] hearing Harry Joseph Bowman requests production of all statements made by anyone made during the course of the investigation that refer to Harry Joseph Bowman." [2]

26. Upon information and belief, on or around June 6, 2008, BOWMAN made another reasonable request for documents from the DEA.

27. Between June 2008 and February 2011, BOWMAN's other requests for DEA documents regarding Operation Silverspoke, and his responsive replies to DEA requests, were sent on or about the following dates: June 1, 2008; October 16, 2008; November 2, 2008; November 24, 2008; February 23, 2009; December 4, 2009; February 15, 2010; July 6, 2010; October 5, 2010; November 5, 2010; and February 2, 2011 (*see again* **Exhibits A** and **B**).

### 2. The Responses and the Appeals

28. Between June 2008 and February 2011, the DEA's administrative responses, none of which included the requested documentation, included correspondence for the

---

[1] This date was mistakenly described in the letter as being in 2008.

[2] Subsequent correspondence from counsel for BOWMAN, dated June 1, 2008, indicated that a transcript of the September 7, 2007 proceedings was enclosed with the March 25, 2008 correspondence. Accordingly, the transcript of the proceeding has been attached as part of **Exhibit C** herein.

following dates: June 9, 2008; August 8, 2008; September 11, 2008; and February 18, 2009.

29. On April 27, 2011, the DEA provided an official response *(under case number 08-8098-F)*, providing nine pages of records and denying the request in all other respects. As indicated, the response covered BOWMAN's requests for the time period of March 26, 2003 through February 2, 2011. The DEA erroneously denied BOWMAN's requests, relying on 5 U.S.C. §552 (b)(7)(C), §552 (b)(7)(D), §552 (b)(7)(E), and §552 (b)(7)(F). Counsel for BOWMAN timely appealed the April 27, 2011 denial on June 22, 2011. Following an administrative response on July 8, 2011, the DOJ, on behalf of the DEA, denied BOWMAN's appeal on or about November 2, 2011. *This was assigned as appeal number AP-2011-02352.*

30. On June 16, 2011, the DEA provided another official response *(also under case number 08-8098-F)*, providing ten pages of heavily redacted records and denying the request in all other respects. As indicated, the response covered BOWMAN's request for June 6, 2008. The DEA erroneously denied BOWMAN's requests, relying on 5 U.S.C. §552 (b)(6), §552 (b)(7)(C), §552 (b)(7)(E), and §552 (b)(7)(F). Counsel for BOWMAN timely appealed the June 16, 2011 denial on or about August 9, 2011. Following an administrative response on August 18, 2011, the DOJ, on behalf of the DEA, denied BOWMAN's appeal on January 19, 2012. *This was assigned as appeal number AP-2011-02816.*

31. In sum, as noted in detail above, as well as in the documents described and attached as part of **Exhibits A** and **B** respectively, BOWMAN has made a number of proper requests for information, the DEA has failed to timely comply with these requests in conformity with agency regulations, and BOWMAN has

9

exhausted his administrative remedies, either constructively or in fact, pursuant to FOIA and other statutes, including under 5 U.S.C. §552 (a)(6).

## FIRST CAUSE OF ACTION

**PLAINTIFF REQUESTS INJUNCTIVE RELIEF ENJOINING DEFENDANTS FROM WITHHOLDING DEA AND DOJ AGENCY RECORDS, AND AN ORDER TO PRODUCE ALL DEA AND DOJ AGENCY RECORDS IMPROPERLY WITHHELD FROM THE PLAINTIFF (5 U.S.C. §552, *et seq.*, 5 U.S.C. 552a, *et seq.*, 5 U.S.C. 706, *et seq.*, AND U.S. CONST., AMEND. 5)**

32. Plaintiff repeats and reiterates each and every claim alleged in Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. BOWMAN has statutory (*see* 5 U.S.C. §552 [a][3]; 5 U.S.C. §552a [d]) and Constitutional rights to all of the requested documents described above and in the requests attached as part of **Exhibit B**.

34. Based on the above allegations, the Defendants, by not providing to BOWMAN all of the requested documents described above and in the requests attached as part of **Exhibit B**, have violated BOWMAN's statutory and Constitutional rights under FOIA, the Privacy Act and the Due Process clause of the Fifth Amendment, respectively.

35. Accordingly, this Court is respectfully requested to order injunctive relief, enjoining the Defendants from withholding DEA and DOJ agency records, and to order production of all DEA and DOJ agency records improperly withheld from Plaintiff BOWMAN, as set out above.

**WHEREFORE**, Plaintiff BOWMAN prays that this Court:

(1) Order the Defendants to make the requested records available to Plaintiff BOWMAN (*see* 5 U.S.C. §552 [a][4][B]; 5 U.S.C. §552a [d]);

(2) Provide for expeditious proceedings in this action (*see* 28 U.S.C. §1657 [a]);

(3) Award Plaintiff BOWMAN his costs and reasonable attorney's fees in this action (*see* 5 U.S.C. §552 [a][4][E]; 5 U.S.C. §552a [g][3][B]); and

(4) Grant Plaintiff BOWMAN such other and further relief as the Court may deem just, equitable and proper.

Dated: April 19, 2012.

_____
HENRY GONZALEZ, ESQ.
*(local counsel for Plaintiff)*
Florida Bar Idenitification No. 0029954
708 Jackson Street
Tampa, Florida 33602
Phone (813) 221-2505
Fax    (813) 221-2205
E-mail gonzalezlegal1@verizon.net


PAUL J. CAMBRIA, JR., ESQ.
*(pro hac vice-pending admission)*
TIMOTHY P. MURPHY, ESQ.
*(pro hac vice-pending admission)*
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
Phone   (716) 849-1333
Fax     (716) 855-1580
E-mail  pcambria@lglaw.com
        tmurphy@lglaw.com

*Attorneys for Plaintiff*